**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **LEROY MARTINEZ** | § | |
| | § | |
| | § | |
| **V.** | § | **C.A. NO.** |
| | § | |
| **WEST WIND EXPRESS, INC.** | § | |

<u>**INDEX OF ALL MATTERS BEING FILED**</u>

In compliance with 28 U.S.C., Section 1446 and Local Rule 81 the following documents are attached to this Notice:

| | |
|---|---|
| Exhibit A | All executed process in this matter; |
| Exhibit B | All pleadings on file in the district court action; |
| Exhibit C | All orders signed by the state judge; |
| Exhibit D | The docket sheet in the district court action; and, |
| Exhibit E | List of all counsel of record. |

Respectfully submitted,

David W. Prasifka
Attorney in Charge
Federal Bar No. 7516
SBN:  16231700
Email: dwp@lorancethompson.com
2900 North Loop West, Ste. 500
Houston, Texas  77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
**Attorney for Defendant**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served on the following via E-Filing, telefax, hand delivery and/or certified mail, return receipt requested on the _____ 25th _____ day of February, 2015.

Javier Villarreal
Daniel Torres
Villarreal & Begum, PLLC
2401 Wild Flower Drive, Suite A
Brownsville, Texas

David W. Prasifka

EXHIBIT "A"

Filed
1/30/2015 9:12:53 AM
Esther Degollado
District Clerk
Webb District
2015CVT000143C1 2015CV000143D3

"RETURN"

## CITATION

### (ATTACHED WITH PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION)

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  WEST WIND EXPRESS INC
     BY SERVING ITS REGISTERED AGENT:
     RYSZARD DZIEDZIC
     5125 WEST LAKE STREET
     CHICAGO,   IL 60644

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVT000143 D3 , styled:
     LEROY MARTINEZ, PLAINTIFF
     VS.
     WEST WIND EXPRESS INC, DEFENDANT
Said Plaintiff's Petition was filed on 01/15/2015 in said court by:
     JAVIER VILLARREAL, ATTORNEY FOR PLAINTIFF
     2401 WILDFLOWER DRIVE SUITE A
     BROWNSVILLE,   TX 78526

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 21 day of January, 2015.

### C L E R K   O F   C O U R T

CALENDAR CALL SET FOR
04/07/2015 AT 1:30P.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Herlinda Torres_
                          DEPUTY
HERLINDA TORRES

2015CVT000143 D3

## OFFICER'S RETURN

Came to hand on the _23_ day of _January_, 2015 at

_10_ O'CLOCK _A_.M. Executed at _____,

within the COUNTY of _Cameron_ at _1:45_ O'CLOCK _p_.M. on

the _29_ day of _January_, 2015, by delivering to the within
named WEST WIND EXPRESS INC, each, ~~in person~~, a true copy of this
citation together with the accompanying copy of the petition, having
first attached such copy of such petition to such copy of citation and
endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was
_O_ miles, and my fees are as follows:

Total Fee for serving this citation  $ _65.00_ .

To certify which, witness my hand officially.

By certified mail return
receipt requested:               _MARCA C. Salazar_
7013 1710 0002 1092 2758       ~~SHERIFF  CONSTABLE~~
                               _Civil Process_
                               _Cameron_ COUNTY, TEXAS

                               BY _Maria C. Salazar_
                                                   ~~DEPUTY~~

THE STATE OF TEXAS }
COUNTY OF ~~WEBB~~ }
         _Cameron_

Before me, the undersigned authority, on this day personally
appeared _Maria C. Salazar_, who after being duly sworn,
upon oath said that a notice, of which the above is a true copy, was
by him/(her) delivered to _West Wind Express, Inc_
on the _29_ day of _January_, _2015_ .

SWORN TO AND SUBSCRIBED BEFORE ME on the _29_ day of _January_,
_2015_, to certify which witness my hand and seal of office.

[notary stamp: MANUEL HINOJOSA ...
My Commission Expires
June 18, 2016]

_____
                               NOTARY PUBLIC
MY COMMISSION EXPIRES _6-18-2016_

USPS.com® - USPS Tracking™                                                Page 1 of 2

English        Customer Service        USPS Mobile                        Register / Sign In

**≡USPS.COM**

## USPS Tracking™

Customer Service ›
Have questions? We're here to help.

Tracking Number: 70131710000210922758

On Time
Expected Delivery Day: Thursday, January 29, 2015

### Product & Tracking Information                    Available Actions

Postal Product:                Features:
Priority Mail 2-Day™           Certified Mail        Return Receipt        Text Updates
                               Up to $50 insurance included
                               Restrictions Apply                           Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION | Return Receipt After Mailing |
|---|---|---|---|
| January 29, 2015 , 1:45 pm | Delivered | CHICAGO, IL 60644 | |

Your item was delivered at 1:45 pm on January 29, 2015 in CHICAGO, IL 60644.

| | | |
|---|---|---|
| January 29, 2015 , 8:28 am | Out for Delivery | CHICAGO, IL 60644 |
| January 29, 2015 , 8:18 am | Sorting Complete | CHICAGO, IL 60644 |
| January 29, 2015 , 4:32 am | Arrived at Unit | CHICAGO, IL 60644 |
| January 28, 2015 , 4:13 pm | Arrived at USPS Facility | CHICAGO, IL 60607 |
| January 28, 2015 , 6:20 am | Departed USPS Facility | FOREST PARK, IL 60130 |
| January 28, 2015 , 1:16 am | Arrived at USPS Facility | FOREST PARK, IL 60130 |
| January 26, 2015 , 11:28 pm | Departed USPS Facility | MCALLEN, TX 78501 |
| January 26, 2015 , 4:32 pm | Arrived at USPS Origin Facility | MCALLEN, TX 78501 |
| January 26, 2015 , 9:26 am | Acceptance | BROWNSVILLE, TX 78520 |

### Track Another Package

Tracking (or receipt) number

[                                    ]                Track It



A True copy of the original, I certify,
23rd day of Jul, 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By_____ Deputy

https://tools.usps.com/go/TrackConfirmAction.action?tRef=fullpage&tLc=1&text28777=...   1/29/2015

EXHIBIT "B"

Filed
1/15/2015 4:29:41 PM
Esther Degollado
District Clerk
Webb District
2015CVT000143D3

NO. _____

| | | |
|---|---|---|
| LEROY MARTINEZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| WEST WIND EXPRESS, INC. | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL,
## REQUEST FOR DISCLOSURE, REQUESTS
## FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF, LEROY MARTINEZ, complaining of and about, WEST WIND EXPRESS, INC., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### 1.
### DISCOVERY CONTROL PLAN LEVEL

1.1    Discovery shall be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### 2.
### DISCOVERY INCLUDED

2.1    This Petition includes Plaintiff's Requests for Disclosure, Interrogatories, Requests for Admission, and Requests for Production.

### 3.
### PARTIES AND SERVICE

3.1    Plaintiff, Leroy Martinez, an individual whose address is: 1608 Park Street, Laredo, Texas 78041, and brings this action individually.

*Plaintiff's Original Petition*
*Page 1*

3.2     Defendant, West Wind Express, Inc., is a Foreign Company stationed in Chicago, Illinois and is organized under the laws of the State of Illinois. Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent of the corporation, Ryszard Dziedzic, 5125 West Lake Street, Chicago, Illinois 60644, his registered office. Service of said Defendant as described above can be effected by certified mail.

**4.**
**JURISDICTION AND VENUE**

4.1     The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over Defendant, West Wind Express, Inc. because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. Furthermore, the assumption of jurisdiction over West Wind Express, Inc. will not offend traditional notions of fair play and is consistent with the constitutional requirements of due process.

4.2     Venue in Webb County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**5.**
**FACTUAL BACKGROUND**
<u>The Collision</u>

5.1     This lawsuit concerns a severe motor vehicle collision which occurred on January 9, 2014. The collision occurred between a 1996 Ford F250 driven by the Plaintiff,

Leroy Martinez and a 2001 Peterbilt 18-wheeler – a commercial vehicle – which was driven by, Carlos Toribio Duran, under the authority and control of Defendant, West Wind Express, Inc.

     5.2    The vehicular collision occurred on a Thursday morning on US Highway 83, within the limits of Webb County. With respect to the area where the collision occurred, US Highway 83 consists of two northbound lanes and two southbound lanes.

     5.3    Leroy Martinez was traveling northbound on US highway 281 prior to and at the time of the collision. (The collision occurred at approximately 6:30 a.m; it was dark outside and there was heavy fog). Unbeknownst to Mr. Martinez, who was rapidly approaching the point where the collision would eventually occur, Carlos Duran was attempting to make a u-turn on US Highway 281. Carlos Duran must have known that his 18-wheeler would not be visible by approaching motorist since it was dark and there was heavy fog. Of course, as Leroy Martinez approached the place at which the truck driver had illegally blocked the highway, he did not expect the trailer – or any other vehicle for that matter – to be blocking the outside lane of a major highway in the dark of the night. At all relevant times, according to Texas law and traffic regulations, Mr. Martinez had the legal right-of-way as between his automobile and the commercial motor vehicle driven by Carlos Duran. Unfortunately, due to the fact that the commercial motor vehicle was illegally blocking the outside lane in which Mr. Martinez was traveling, he did not see the trailer until it was too late; he collided into the side of the trailer.

5.4     The following is a sketch excerpted from the official police report which was made by the state trooper who investigated the collision, Trooper Ramon Farias, Id No. 12291, of the Department of Public Safety:



5.5     Trooper Farias found that Carlos Toribio Duran was wholly responsible for causing this collision due to the fact that Carlos Toribio Duran turned when unsafe, citing him accordingly.

<u>The Injuries</u>

5.6     Leroy Martinez suffered physical and emotional injuries as a result of this collision. Mr. Martinez was diagnosed with cervical, thoracic, lumbar sprains/strains and multiple disc herniations to his neck and lower back. Mr. Martinez has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision. Due to the temporary results obtained through pain management, he decided to undergo a lumbar disc decompression to alleviate the pain to

his back. In all probability Mr. Martinez will continue to incur medical expenses in the future to alleviate his pain. Mr. Martinez was healthy prior to this collision.

<u>The Employment Relationship Between the Defendants and
The Resulting Vicarious Liability</u>

5.7     At the time of the collision which is the subject of this cause of action, and at all other relevant times, Carlos Toribio Duran was an employee of West Wind Express, Inc., who was acting within the course and scope of his employment. In this regard, Carlos Toribio Duran was an employee insofar as the master-servant relationship under common law is concerned.

5.8     Alternatively, and at all relevant times herein, Carlos Toribio Duran was a "statutory employee" under the statutory employee doctrine. In this regard, an interstate motor carrier (such as West Wind Express, Inc.) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997). As a result, West Wind Express, Inc., had exclusive control of the tractor-trailer which Carlos Toribio Duran was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000). As a result, West Wind Express, Inc., is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Carlos Toribio Duran.

5.9     Alternatively, West Wind Express, Inc., is vicariously liable with respect to all negligence of Carlos Toribio Duran under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

*Plaintiff's Original Petition*<br>*Page 5*

**6.**
## PLAINTIFF'S CLAIM OF
## – NEGLIGENCE AGAINST CARLOS TORIBIO DURAN &
## RESPONDENT SUPERVISOR–

6.1    Carlos Toribio Duran had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

6.2    The negligent, careless and reckless disregard of duty of Carlos Toribio Duran consisted of, but is not limited to, the following acts and omissions:

6.2.1  In that Carlos Toribio Duran failed to enter into the intersection only when he could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle in violation of §545.152 of the Texas Transportation Code;

6.2.2  In failing to yield the right of way to Plaintiff as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.155 of the Texas Transportation Code;

6.2.3  In failing to keep a proper lookout for Plaintiff's safety as would have been maintained by a person of ordinary prudence under the same or similar circumstances;

6.2.4  In placing Plaintiff in a position of peril due to Carlos Toribio Duran's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

6.2.5  In failing to exercise reasonable care to protect the safety of others who are using the roadways;

6.2.6  In failing to take evasive action to avoid colliding with Plaintiff's vehicle; and/or

6.2.7  In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision.

6.3    Plaintiff's injuries were proximately caused by Carlos Toribio Duran's negligent, careless and reckless disregard of said duty.

6.4    Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant, West Wind Express, Inc. for the negligent acts of its employee, Carlos Toribio Duran.

## 7.
## —NEGLIGENCE OF WEST WIND EXPRESS, INC.—

7.1    On January 9, 2014, Defendant, West Wind Express, Inc., was the owner of the motor vehicle operated by Carlos Toribio Duran. Defendant, West Wind Express, Inc., negligently entrusted the vehicle to Carlos Toribio Duran, a reckless and incompetent driver. Defendant knew, or through the exercise of reasonable care should have known, that Carlos Toribio Duran was a reckless and incompetent driver.

7.2    Furthermore, and alternatively, West Wind Express, Inc., owed Plaintiff a duty to hire, supervise, train and retain competent employees. Defendant breached that duty by negligently training, supervising, hiring and retaining, Carlos Toribio Duran, consisting of, but not limited to the following:

7.2.1  In failing to exercise ordinary care in implementing adequate training procedures for drivers;

7.2.2  In failing to exercise ordinary care in implementing adequate continued education for all drivers;

7.2.3  In failing to exercise ordinary care in implementing adequate supervision procedures;

7.2.4  In failing to adequately screen Carlos Toribio Duran's driving record prior to hiring him; and/or

7.2.5  In failing to exercise ordinary care in determining whether Carlos Toribio Duran was competent enough to be hired.

7.3    Each of the aforementioned negligent acts or omissions of the Defendant constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiff.

## 8.
## VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS

8.1    In addition to duties which Carlos Toribio Duran and West Wind Express, Inc., owed the motoring public, including Plaintiff, under the common law of this state, Defendant owed duties under and were governed by, at all relevant times, the FMCSR. According to the FMCSR, West Wind Express, Inc., was considered a motor carrier or operator of the commercial motor vehicle which Carlos Toribio Duran was driving at the time of this incident. With respect to the provisions of the FMCSR which were violated by Carlos Toribio Duran and West Wind Express, Inc., are deemed to have violated such provisions as well, as a result of the application of the FMCSR.

## 9.
## DAMAGES FOR PLAINTIFF, LEROY MARTINEZ

9.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Leroy Martinez was caused to suffer bodily injuries, and to incur the following damages:

> 9.1.1   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Leroy Martinez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Webb County, Texas;

> 9.1.2   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

9.1.3  Physical pain and suffering in the past and in the future;

9.1.4  Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

9.1.5  Loss of earning capacity in the past and which will, in all probability, be incurred in the future; and

9.1.6  Mental anguish in the past and in the future.

## 10.
## REQUEST FOR DISCLOSURES TO DEFENDANT

10.1   Pursuant to Rule 194, you are requested to disclose, within 50 days after service of this request, the information or material described in Rule 194.2(a)-(l) at the address of the attorney for Plaintiff. Further, pursuant to Rule 190, you are requested to disclose, within 50 days after service of this request, the information or material described in Rule 190.2(b)(6) at the address of the attorney for Plaintiff.

## 11.
## REQUESTS FOR INTERROGATORIES AND PRODUCTION TO DEFENDANT WEST WIND EXPRESS, INC.

11.1   Plaintiff propounds the following Interrogatories pursuant to Rule 197 and Requests for Production pursuant to Rule 196 of the Texas Rules of Civil Procedure. You are instructed to answer the following Interrogatories separately, fully, and under oath if required by Rule 197.2 Answers are due to Plaintiff counsel's address within 50 days from service of these Interrogatories. Demand is made that you supplement your answers to these Interrogatories as required by Rule 193.5. You are further instructed to produce or permit the undersigned attorney to inspect and copy or reproduce the requested items at the offices of Plaintiff's attorney. Responses are due within 50 days of service of these

Requests for Production. You are asked to supplement your responses as required under the Rules.

### Interrogatories

11.1.1   Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of **West Wind Express, Inc.**, please state your full and correct title and position within the organizational structure of **West Wind Express, Inc.**

11.1.2   Please state the name(s) of the registered owner of the tractor-trailer that Carlos Toribio Duran was operating on January 9, 2014.

11.1.3   Please state the name of the person or company that employed Carlos Toribio Duran to operate the vehicle on January 9, 2014 and by whom he was being compensated; how he was being compensated (i.e. job; contract; by the hour) and how much.

11.1.4   Please explain whether Carlos Toribio Duran was operating the vehicle with the Defendant's permission when this accident occurred and whether he was in the process of furthering the interests of the Defendant, just minutes before the accident happened.

11.1.5   Please state the address, telephone number, date of birth, driver's license number of Carlos Toribio Duran and whether he is still employed by the Defendant.

11.1.6   What is the name of Carlos Toribio Duran's direct supervisor?

11.1.7   Describe your understanding as to how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any contributing cause of the collision, including a statement of the facts or information upon which this contention is based.

11.1.8    Was the tractor-trailer operated by Carlos Toribio Duran on January 9, 2014 damaged in any way as a result of this incident? If so, please describe in detail the damages sustained by this vehicle and the estimated and/or actual cost of repairs.

11.1.9    What is the business purpose of the Defendant and how does is it relate to the tractor-trailer operated by Carlos Toribio Duran on January 9, 2014?

11.1.10   Other than the police report, does the Defendant have in its possession any written or oral statements made by the Plaintiff, Carlos Toribio Duran or anyone having first hand knowledge of the events that are the subject of this lawsuit, including but not limited to: recorded statements; written statements; and/or post-accident report(s) submitted to insurance carrier or employer?

11.1.11   Are you aware of any conversations Carlos Toribio Duran had with the Plaintiff or any other party or witness to this accident. Specify as best as possible what each person said.

11.1.12   State the name, address and telephone number of the person or company responsible for performing regular maintenance and/or repairs on the tractor-trailer operated by Carlos Toribio Duran on January 9, 2014.

11.1.13   Describe in detail what injuries, if any, Carlos Toribio Duran received in the collision. If he filed any worker's compensation claims for injuries allegedly suffered in the accident in question, describe his claimed injuries, give the name of the workers' compensation company involved in his claim, tell when and where he filed his claim and the name and address of the lawyer, if any, who is assisting Carlos Toribio Duran in the claim.

11.1.14   Please explain in detail the application process by which you consider driver's for employment, including but not limited to, written information requested; record checks; references; drug tests; driving tests; written tests.

11.1.15   Please explain your policy regarding the frequency and method(s) of supervision of a driver such as Carlos Toribio Duran.

11.1.16     Please list the names and/or types of employment manuals, policy manuals, safety manuals, training manuals and any other manual given to Carlos Toribio Duran during his employment with you.

11.1.17     As to each motor vehicle accident Carlos Toribio Duran has been involved in and each traffic violation for which he has either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information as required to be kept: a) Where it occurred (State, City, county, Court). b) When it occurred (Month, Day, Year). c) All injuries claimed and when and where any claims or suits were filed. d) Final disposition or current status of each traffic violation and accident.

11.1.18     Does the Defendant know whether Carlos Toribio Duran had any felony convictions prior to January 9, 2014 (not exceeding 10 years from date of prison release). If so, please enumerate each conviction with its respective year and place/county/state of disposition.

11.1.19     Was a drug or alcohol test administered within 24-hours of the collision in question? If so, what was the result of each test? If one was not administered, please state the reason.

11.1.20     Has the tractor-trailer involved in the accident made the basis of this suit been involved in any other motor vehicle accidents prior to the accident of January 9, 2014?

*Documents to be Produced*

11.1.21     A copy of Carlos Toribio Duran's driver's license.

11.1.22     A copy of the written records of Carlos Toribio Duran's qualification file, as required to be kept by **West Wind Express, Inc.**, pursuant to Title 49 Code of Federal Regulation § 391.51. (Period Required by Law: Length of Employment and Three years thereafter).

11.1.23     A copy of the written record of Carlos Toribio Duran's application for employment, as required to be kept by **West Wind Express, Inc.**, pursuant to Title 49, Code of Federal Regulations §§ 391.21 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

11.1.24   A copy of the written record of Carlos Toribio Duran's past employers who were contacted prior to hiring and a copy of the response by each State agency involving investigations and inquiries, as required to be kept by **West Wind Express, Inc.**, pursuant to Title 49, Code of Federal Regulations §§ 391.23 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

11.1.25   A copy of the written record of Carlos Toribio Duran's driver's road test issued to the driver pursuant to Title 49, Code of Federal Regulations § 391.31(e), or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test pursuant to § 391.33, as required to be kept by **West Wind Express, Inc.**

11.1.26   A copy of the written record of each State agency response to Carlos Toribio Duran's annual driver record inquiry, as required to be kept by **West Wind Express, Inc.** under Title 49, Code of Federal Regulations §391.25 (a). (Period Required by Law: Three years after date of Execution).

11.1.27   A copy of the written record of Carlos Toribio Duran's annual review as required to be kept by **West Wind Express, Inc.** under Title 49, Code of Federal Regulations§ 391.25(c)(2). (Period Required by Law: Three years after date of Execution).

11.1.28   A copy of the written record of Carlos Toribio Duran's violation of motor vehicle laws and ordinances, as required to be kept by **West Wind Express, Inc.** under Title 49, Code of Federal Regulations§ 391.27. (Period Required by Law: Three years after date of execution).

11.1.29   A copy of Carlos Toribio Duran's vehicle daily inspection reports of the vehicle he was driving on January 9, 2014, as required to be kept by **West Wind Express, Inc.** under Title 49, Code of Federal Regulations§ 396.11(c)(2).

11.1.30   A copy of the written record of Carlos Toribio Duran's medical examiner's certificate to drive commercial motor vehicles, as required to be kept by **West Wind Express, Inc.** under Title 49, Code of Federal Regulations § 391.43(f).

11.1.31   A copy of the written record of any controlled substance or alcohol misuse by Carlos Toribio Duran, as required to be kept by **West Wind Express, Inc.** under Title 49, Code of Federal Regulations § 382.401(a).

11.1.32   Any records or documentation (medical or non-medical) concerning Carlos Toribio Duran that would indicate whether Carlos Toribio Duran was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

11.1.33   Any records or documentation (medical or non-medical) concerning Carlos Toribio Duran that would indicate that Carlos Toribio Duran had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

11.1.34   Any records or documentation (medical or non-medical) that would indicate that Carlos Toribio Duran was a user of any illegal substance(s) within three (3) years preceding the collision in question.

11.1.35   Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Carlos Toribio Duran relating to his employment with your company for the period three (3) years prior to the day of the collision, which is the subject of this lawsuit, and up to the present day.

11.1.36   Please provide Carlos Toribio Duran's training record.

11.1.37   Please provide all materials used by you to train Carlos Toribio Duran, including, but not limited to, all manuals, videotapes, seminar materials and pamphlets.

11.1.38   Please provide all receipts signed by Carlos Toribio Duran evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

11.1.39   Please provide all books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

11.1.40   Please provide all receipts signed by Carlos Toribio Duran evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

11.1.41   Please provide all materials, letters, manuals, and/or memorandums describing the company's policy regarding the supervision and retention of its employees, including but not limited to any grading system used to keep track of employee performance (i.e: ride-along; points systems; shadowing driver; following driver; complaint telephone numbers).

11.1.42   Please provide any documentation concerning Carlos Toribio Duran involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance;

11.1.43   Please provide any cell phone bills that would show whether or not Carlos Toribio Duran was using a cell phone on January 9, 2014. This request includes, but is not limited to, cell phone bills for the day of the wreck.

11.1.44   Please provide any and all documents related to Carlos Toribio Duran's employment as a driver, including but not limited to log books, trip sheets, fuel receipts, work orders, bills of lading, com. card receipts, expense records and any other documents that would show Carlos Toribio Duran's trip movements for January 9, 2014 and ten (10) days prior.

11.1.45   Please provide any documentation evidencing the cargo being transported on January 9, 2014 the owner, destination and delivery due date of said cargo, including but not limited to bill(s) of lading.

11.1.46   Please provide any all contract carrier permits issued to you by the Interstate Commerce Commission which were in effect at the time of the January 9, 2014 collision.

11.1.47   Please provide a copy of the title and registration of the vehicle driven by Carlos Toribio Duran that is the subject of this lawsuit.

11.1.48    Please provide documentation evidencing **West Wind Express, Inc.'s** ownership of the vehicle operated by Carlos Toribio Duran on January 9, 2014, which is the subject of this lawsuit.

11.1.49    A copy of the Inspection, Repair and Maintenance of the vehicle driven by Carlos Toribio Duran on January 9, 2014, under Title 49, Code of Federal Regulations § 396.3(a)(b)&(c).

11.1.50    Please provide all MCS 64 forms issued on the vehicle operated by Carlos Toribio Duran that is the subject of this lawsuit, for the period six months prior to January 9, 2014 and six months after.

11.1.51    Please provide all MCS 63 forms issued on the vehicle operated by Carlos Toribio Duran that is the subject of this lawsuit, for the period six months prior to January 9, 2014 and six months after.

11.1.52    All citations or warnings issued by any governmental agency dating one year prior to January 9, 2014, for the vehicle driven by Carlos Toribio Duran which is the subject of this lawsuit, regardless of whether Carlos Toribio Duran was driving the vehicle when the citation or warning was issued.

11.1.53    Please provide all documents and tangible things that comprise, reflect, or relate in any way to any repairs or maintenance made at any time on the vehicle which Carlos Toribio Duran was driving for the period of three (3) years prior to the date of accident, January 9, 2014, and up to the present day; including but not limited to maintenance log book(s) and repair log book(s).

11.1.54    All repair orders, repair receipts, and repair estimates for the vehicle driven by Carlos Toribio Duran for the period of three (3) years prior to the date of accident, January 9, 2014, and up to the present day.

11.1.55    All documents which refer or relate to the property damage, including estimates or appraisals and photographs, of the motor vehicles involved in the collision made the basis of this lawsuit.

11.1.56   Any and all photographs or videos in your possession which depict any and all of the motor vehicles involved in the collision which is the subject of this lawsuit, including, but not limited to the vehicle driven by the Plaintiff and those of the motor vehicle which was driven by Carlos Toribio Duran (pre-collision photographs and post-collision photographs). Please supply 8" x 10" photographs.

11.1.57   Copies of any and all statements in Defendant's possession of any person having knowledge of relevant facts concerning the subject matter of this lawsuit, including any written statement and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person with relevant facts hereto and contemporaneously recorded.

11.1.58   Please provide all documents which constitute any and all communication or correspondence between **West Wind Express, Inc.** and your liability insurance carrier or its employees (including, but not limited to, any and all correspondence between you and your liability insurance carrier which you sent or received) between January 9, 2014 and the day on which you or your liability insurance carrier were notified that Plaintiff was represented by legal counsel.

11.1.59   Please provide all investigation notes, reports, and correspondence which refer to any aspect of the January 9, 2014 collision made the basis of this claim before notice of this suit was received.

11.1.60   Please provide all letters, memorandums, and other written correspondence which was sent by **West Wind Express, Inc.** to any and all employees, agents or representatives of your liability insurance carrier or which was received by you from any and all employees, agents, or representatives of you liability insurance carrier and which are not privileged under the Texas Rules of Civil Procedure.

11.1.61   Please provide all taped or audio recordings made of conversations or conferences (telephonic or face-to-fact) between **West Wind Express, Inc.** and any and all employees, agents or representatives of your liability insurance carrier, same which your company has a superior right to obtain from your liability insurance carrier, and same which are not privileged under the Texas Rules of Civil Procedure.

11.1.62    Please provide the recording of the mechanism installed on the vehicle that struck Plaintiff's automobile that records and documents the time of use/non-use and/or speed of the truck which is sometimes commonly referred to as a "TAC graph" or "TAC readout."

11.1.63    Please provide all photographs of the scene of the collision in your possession.

11.1.64    Please provide all permits or other documents which authorize **West Wind Express, Inc.** to operate as a Motor Carrier at the time of the January 9, 2014 collision which were issued to you, or filed by you or on your behalf with the United States Department of Transportation.

11.1.65    Please provide all permits or other documents which authorize the operation of the motor vehicle which Carlos Toribio Duran was driving at the time of January 9, 2014 collision, which were issued by you, or filed by you or on your behalf with the United States Department of Transportation.

11.1.66    Please provide all records or documents which you have provided or produced to any state or federal agency pertaining to the January 9, 2014 collision made the basis of this lawsuit.

11.1.67    Please provide a copy of the insurance coverage and/or Declaration Page for the Defendant's vehicle in question.

11.1.68    Please provide a copy of any excess or umbrella policies that could potentially cover this incident.

11.1.69    In the event that the vehicle in questions was not properly insured at the time of the accident in question, please provide financial statements for the last three (3) years of the person or company that owns this vehicle, specifically their "net worth."

11.1.70    Please provide all discoverable correspondence and other documents sent to any testifying expert.

11.1.71    Please provide all discoverable correspondence and other documents received from any testifying expert.

11.1.72    Please provide any and all statements from any witnesses that you intend to use.

11.1.73    Please provide a time and place for the inspection of the tractor-tank which is the subject of this lawsuit.

11.1.74    Please provide all and any records indicating an awareness on your part that Carlos Toribio Duran was an unsafe driver.

11.1.75    Please provide all incident reports generated by Carlos Toribio Duran or **West Wind Express, Inc.** relating to the collision on January 9, 2014.

## 12.
## REQUEST FOR ADMISSIONS TO
## WEST WIND EXPRESS, INC.

12.1    Plaintiff makes the following Requests for Admission pursuant to Rule 198 of the Texas Rules of Civil Procedure. Responses are due 50 days after service of these Requests, and should be made to the address of Plaintiff's attorney. You must specifically admit or deny each Request. A failure to specifically answer any Request, or an evasive answer to any Request, will be taken as an admission of truth of such Request.

12.1.1    Admit that the Peterbilt driven by **Carlos Toribio Duran** on January 9, 2014, was owned by **West Wind Express, Inc.**

12.1.2    Admit that the time of the accident on January 9, 2014, **Carlos Toribio Duran**, was acting within the course and scope of his employment with **West Wind Express, Inc.**

12.1.3    Admit that the vehicle driven by **Carlos Toribio Duran** was in a dangerous or unsafe condition at the time of the incident made the basis of this suit.

12.1.4    Admit that **Carlos Toribio Duran** failed to operate the vehicle in a reasonably prudent or responsible manner at the time of the incident made the basis of this suit and was solely responsible for causing this accident.

12.1.5    Admit that **Carlos Toribio Duran** failed to keep a proper lookout for Plaintiff's safety at the time of the incident made the basis of this suit and caused the accident.

12.1.6      Admit that **Carlos Toribio Duran** failed to control speed at the time of the incident made the basis of this suit and caused the accident.

12.1.7      Admit that **Carlos Toribio Duran** failed to maintain a clear and reasonable distance between Plaintiffs' motor vehicle which would permit the Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiffs' motor vehicle at the time of the incident made the basis of this suit and caused the accident.

12.1.8      Admit that **Carlos Toribio Duran** failed to yield the right-of-way at the time of the incident made the basis of this suit and caused the accident.

12.1.9      Admit that at the time of the accident of January 9, 2014, **West Wind Express, Inc.** had negligently entrusted the vehicle subject of this lawsuit to its employee, **Carlos Toribio Duran.**.

12.1.10     Admit that **West Wind Express, Inc.** negligently hired, supervised and/or retained **Carlos Toribio Duran** during his employment.

12.1.11     Admit that **Plaintiff** was injured as a direct and proximate result of **Carlos Toribio Duran's** negligence.

12.1.12     Admit that **Carlos Toribio Duran** has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of this lawsuit.

12.1.13     Admit that **Carlos Toribio Duran** will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of this lawsuit.

12.1.14     Admit that **Carlos Toribio Duran** incurred damages as a direct result of the incident which is the subject of this lawsuit.

12.1.15     Admit that **Carlos Toribio Duran** has incurred physical pain and suffering damages in the past, and will continue to incur physical pain and suffering damages in the future.

12.1.16     Admit that **Carlos Toribio Duran** has suffered mental anguish in the past and in the future.

## 13.
### MAXIMUM AMOUNT CLAIMED

13.1    Plaintiff seeks damages within the jurisdictional limits of this court. Pursuant to pleading requirements under Texas Rules of Civil Procedure 47, Plaintiff affirmatively pleads that they seek monetary relief over $200,000.00 but no more than $1,000,000.00.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Leroy Martinez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**VILLARREAL & BEGUM. PLLC**
2401 Wild Flower Dr., Suite A
Brownsville, Texas 78526
Tel. (956) 544-4444
Fax. (956) 550-0877

By:    _/s/ Javier Villarreal_
Javier Villarreal
Texas Bar No. 24028097

Daniel Torres
State Bar No. 24046985

### COUNSEL FOR PLAINTIFF

### PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

_Plaintiff's Original Petition_
_Page 21_



A True copy of the original, I certify,
the ___ day of _____, 20 __
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By_____ Deputy

*Plaintiff's Original Petition*
*Page 22*

Filed
2/20/2015 4:17:24 PM
Esther Degollado
District Clerk
Webb District
2015CVT000143D3

## CAUSE NO. 2015 CVT000143 D3

| | | |
|---|---|---|
| LEROY MARTINEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | WEBB COUNTY, T E X A S |
| | § | |
| WEST WIND EXPRESS, INC. | § | 341ST JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WEST WIND EXPRESS, INC., Defendant herein, and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court the following:

I.

As provided in Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of matters pleaded by Plaintiff and asks that these matters be properly decided by this Honorable Court and Jury.

II.

Specially answering, Defendant says on the occasion in question Plaintiff failed to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances, and that such failure was the sole cause and/or proximate cause of the alleged damages and injuries.

III.

In the alternative, Defendant would further show that the Plaintiff was in violation of the terms and provisions of Texas Transportation Code and Federal Motor Carrier Safety Regulations, and that such acts and omissions constituted a proximate cause of the alleged damages and injuries.

563315.1 PLD 0999999 1 DWP

IV.

In the alternative, Defendant says that the incident made the basis of this lawsuit was proximately caused or was caused solely by the act or acts and conduct of another party or parties and not this Defendant.

V.

In the alternative, Defendant says that the incident made the basis of this lawsuit was the result of an independent/intervening cause, breaking the chain of causation between any act or omission on the part of this Defendant.

VI.

If Plaintiff sustained any damage as alleged in the Petition, that damage was proximately caused and contributed to by Plaintiff in failing to mitigate damages. Plaintiff's failure to mitigate damages diminishes any recovery herein.

VII.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby demands a trial by jury and makes application therefore.

WHEREFORE, Defendant prays that Plaintiff take nothing by this suit against this Defendant, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

563315.1 PLD 0999999 1 DWP

Respectfully submitted,

LORANCE & THOMPSON

_David W Prasifka_ (signature)

David W. Prasifka
SBN: 16231700
Email: dwp@lorancethompson.com
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
**ATTORNEYS FOR DEFENDANT,
WEST WIND EXPRESS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on the following via E-Filing, telefax, hand delivery and/or certified mail, return receipt requested on the 20th day of February, 2015.

Javier Villarreal
Daniel Torres
Villarreal & Begum, PLLC
2401 Wild Flower Drive, Suite A
Brownsville, Texas

_David W Prasifka_ (signature)

David W. Prasifka

A true copy of the original, I certify
the ____ day of ____, 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By: ____ Deputy

563315.1 PLD 0999999 1 DWP

EXHIBIT "C"

EXHIBIT "D"

```
        W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                        CIVIL CASE DOCKETS
Webb County Courts - Live                               PAGE     1
DATE   2/23/15                                          MV0260
TIME   11:00:55                                         DCSL


===============================================================================
CASE NUMBER . . . . : 2015CVT000143 D3    CASE TYPE : T08  MOTOR VEHICLE ACCIDEN
PLAINTIFF . . . . . : MARTINEZ,LEROY,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 1608 PARK STREET
                      LAREDO                  TX  78041
DRIVER LICENSE # . :


PLAINTIFFS ATTORNEY : VILLARREAL,JAVIER,,        PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 2401 WILDFLOWER DRIVE SUITE A
                      BROWNSVILLE               TX  78526


    VS.


DEFENDANT NAME  . . : WEST WIND EXPRESS INC,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . :
ADDRESS . . . . . . : 5125 WEST LAKE STREET
                      CHICAGO                   IL  60644
DRIVERS LICENSE # . :
CASE STATUS . . . . : Active       STATUS DATE . . . : 1/15/2015
CASE DISPOSITION  . :             DISPOSITION DATE :


DEFENDANTS ATTORNEY : PRASIFKA,DAVID,W,          PHONE NUMBER: 000-000-0000
ADDRESS . . . . . . : 2900 NORTH LOOP WEST SUITE 500
                      HOUSTON                   TX  77092
COURT APPOINTED . . : NO           ATTORNEY PRESENT :


ENTRY/FILING DATE . : 1/15/2015


JUDGE . . . . . . . : B.Palomo
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :             IND. TERM. CODE . :


COMPLAINT . . . . . : *IMG*INJURY OR DAMAGE
COMPLAINT DATE  . . : 1/15/2015    COMPLAINT AMOUNT  :
INTEREST DATE . . . :             INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI# .             COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :             TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :             GARNISHMENT CASE  :


ACTIVITY DATE  ACTIVITY DESCRIPTION                     ACTIVITY TYPE
-------------  ----------------------------------       -------------
 1/15/2015     Jury Fee                                 Jury Fee
        JURY DEMAND PAID BY ATTORNEY JAVIER VILLARREAL. (LT)
                Case Status                             CaseStatus
        Case Status entered as ACTV.
        Case Status ACTV: Active
        For WEST WIND EXPRESS INC
                Complaint                               Complaint
        *IMG*INJURY OR DAMAGE

 1/21/2015     Court Case Assignment                    Case Assgn
```

```
           W E B B   C O U N T Y   J U D I C I A L   S Y S T E M
                        CIVIL CASE DOCKETS
Webb County Courts - Live                                    PAGE      2
DATE   2/23/15                                               MV0260
TIME   11:00:55                                              DCSL

================================================================================
CASE NUMBER . . . . : 2015CVT000143 D3    CASE TYPE :  T08  MOTOR VEHICLE ACCIDEN
        Court date/time: 4/07/2015  13:30    Hearing Type:   17 Clndr Call
        Assignment of court date/time.
        Status entered as Open
                Notes                                       Notes
        *IMG*CALENDAR CALL FAXED TO ATTORNEY JAVIER VILLARREAL AND ATTACHED
        COPY TO CITATIONS. (LT)
                Issuance                                    Issuance
        *IMG*(2) CITATIONS ISSUED TO WEST WIND EXPRESS INC AND PLACED IN
        PRIVATE SERVER BOX. (LT)

 1/30/2015     Returns                                      Returns
        *IMG* CITATION RETURN EXECUTED AS TO WEST WIND EXPRESS INC. BY
        SERVING ITS REGISTERED AGENT: RYSZARD DZIEDZIC. (DOS 1/29/15)  SL

 2/20/2015     Answer                                       Answer
        *IMG* DEFENDANT'S ORIGINAL ANSWER. (SL)
        (FILED BY ATTY. DAVID PRASIFKA)

 2/23/2015     Filing Papers                                File Paprs
        *IMG* LETTER FROM LORANCE & THOMPSON REQUESTING COPIES. (SL)
```

A True copy of the original, I certify,
the ____ day of ____, 20 15
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By: _____ Deputy

EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **LEROY MARTINEZ** | § | **CIVIL ACTION NO.** _____ |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **JURY TRIAL IS DEMANDED** |
| | § | |
| **WEST WIND EXPRESS, INC.** | § | |
| **Defendants.** | § | |

## LIST OF COUNSEL OF RECORD

### Attorney for Plaintiffs:

Javier Villarreal
SBN: 24028097
Daniel Torres
SBN:  24046985
Villarreal & Begum, PLLC
2401 Wild Flower Drive, Suite A
Brownsville, Texas 78526
Telephone: (956) 544-4444
Facsimile: (956) 550-0877


### Attorney for Defendant, West Wind Express, Inc.:

David W. Prasifka
SBN:  16231700
Email: dwp@lorancethompson.com
LORANCE & THOMPSON
2900 North Loop West, Ste. 500
Houston, Texas  77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671

Respectfully submitted,

Attorney in Charge
David W. Prasifka
Federal Bar No. 7516
SBN:  16231700
Email: dwp@lorancethompson.com
2900 North Loop West, Ste. 500
Houston, Texas  77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
**Attorney for Defendant,**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on the following via E-Filing, telefax, hand delivery and/or certified mail, return receipt requested on the ____25____ day of February, 2015.

Javier Villarreal
Daniel Torres
Villarreal & Begum, PLLC
2401 Wild Flower Drive, Suite A
Brownsville, Texas 78526

David W. Prasifka